UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH S.,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO: 1:21-CV-3016-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 19, 20). The motions were submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 19) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error

that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not

disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work

"exists in significant numbers in the national economy." 20 C.F.R. § 416.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for a period of disability and disability insurance benefits on August 27, 2015, alleging disability beginning August 1, 2014. Tr. 15. The claim was denied initially on November 6, 2015, and upon reconsideration on February 17, 2016. *Id.* Plaintiff requested a hearing. *Id.* A telephonic hearing was held before an administrative law judge ("ALJ") on July 12, 2018. *Id.* At the hearing, Plaintiff amended the alleged disability onset date to March 29, 2015. Tr. 86. On July 31, 2018, the ALJ denied Plaintiff's claim. Tr. 26. The Appeals Council denied review on April 22, 2019. Tr. 1.

Plaintiff appealed the ALJ's decision to this Court. Tr. 1097. The Court remanded the matter to the Social Security Administration for further proceedings on February 3, 2020. Tr. 1107. Plaintiff appeared at as subsequent telephonic hearing on October 15, 2020. Tr. 1037. The ALJ again denied Plaintiff's claim on November 13, 2020. Tr. 1046. The ALJ's decision became the final decision and is subject to judicial review. 20 C.F.R. § 404.981.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2019. Tr. 1039. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since March 29, 2015, the amended alleged onset date. Tr. 1040. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, left thumb amputation, alcohol use disorder, and cannabis use disorder. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 18. The ALJ then determined Plaintiff has the residual functioning capacity to perform light work except as follows:

> [H]e needs a sit/stand option at will provided in the workplace; he is capable of engaging in unskilled, repetitive routine tasks in two hour increments; he is capable of frequent handling and fingering with the dominant left hand; he is capable of occasional stooping; and he is limited to no crouching, crawling, kneeling, climbing ramps, stairs, ropes, ladders, and scaffolds.

Tr. 1040.

At step four, the ALJ found Plaintiff could not perform past relevant work. Tr. 1044. At step five, the ALJ determined that Plaintiff's ability to perform a full range of light work is "impeded by additional limitations" and sought testimony from a vocational expert as to the "extent to which these limitations erode the unskilled light occupational base[.]" Tr. 1045. The vocational expert testified that an individual with Plaintiff's RFC, age, and background would be able to perform the requirements of the following representative light work occupations that exist in significant numbers in the national economy: Office Helper, with 74,100 jobs in

the national economy; Storage Rental Clerk, with 43,200 jobs in the national economy; and Marking Clerk, with 271,400 jobs in the national economy. Tr. 1060–61. The vocational expert noted that a sit/stand option was not specifically delineated in the Dictionary of Occupational Titles; therefore, the vocational expert supplemented his answer based on his own education, training, and experience. Tr. 1061. Accordingly, the ALJ determined that Plaintiff has not been under a disability from March 29, 2015 through December 31, 2019. Tr. 1045.

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying his disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues:

1. Whether the ALJ fairly and fully developed the record;
2. Whether the ALJ properly considered Plaintiff's subjective symptom testimony;
3. Whether the ALJ properly weighed the medical opinion of Dr. Bauer; and
4. Whether the ALJ properly applied the Grid Rules at step five.

ECF No. 19 at 2.

## DISCUSSION

**A.  Record Development**

Plaintiff argues the ALJ erred by failing to fully and fairly develop the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8

record with regard to Plaintiff's manipulative limitations following the amputation of a portion of his left thumb. ECF Nos. 19 at 6–8; 21 at 2–3. Specifically, Plaintiff argues the ALJ should have ordered a consultative medical evaluation to assess Plaintiff's manipulative limitations. ECF Nos. 19 at 8; 21 at 2.

While a claimant ultimately bears the burden of establishing his disability, the ALJ has an affirmative duty to supplement the medical record to the extent it is incomplete. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Id.* (quotation and citation omitted). The ALJ's duty to develop the record is triggered by ambiguous evidence or the ALJ's own finding that the record is "inadequate to allow for proper evaluation of the evidence." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ may supplement an inadequate medical record by ordering a consultative examination. *Reed v. Massanari*, 270 F.3d 838, 843 (9th Cir. 2001).

Here, the ALJ did not make a finding that the record was inadequate or incomplete or that the evidence in the record was ambiguous. In his original decision, the ALJ noted Plaintiff underwent "amputation of the tip of the left distal thumb" in September 2017 after a fall resulted in a severe infection. Tr. 1076. The ALJ also noted that Plaintiff reported his thumb felt much better following the surgery. *Id.* (citing Tr. 580). On remand, the ALJ was instructed to further

develop the record with respect to Plaintiff's left-hand limitations following the amputation surgery. The ALJ reviewed additional medical records and concluded Plaintiff's hand limitations were not as severe as Plaintiff claimed. Tr. 1042–43.

For example, Plaintiff reported in January 2018, he was able to engage with normal household chores and work on his car. Tr. 1042. In November 2019, Plaintiff reported engaging weekly with his hobbies, which included camping and fishing. Tr. 1043. Beyond the initial surgery follow-up records, the ALJ noted there were no other hand-related complaints in Plaintiff's records. *Id.*; *see, e.g.*, Tr. 1241, 1279, 1312, 1329. Additionally, Plaintiff denied any sensory, coordination, or motor strength problems. Tr. 1043.

Plaintiff argues an additional medical opinion was necessary to determine whether Plaintiff's RFC was compatible with the available jobs identified by the vocational expert. ECF No. 19 at 7. However, Plaintiff fails to identify how the evidence relied upon by the ALJ was ambiguous or incomplete. Notably, Plaintiff did not renew his request for a consultative medical expert at the subsequent hearing. ECF No. 20 at 3 n.3. Because the ALJ did not find the record was incomplete or ambiguous, the duty to further develop the record was not triggered. The Court finds the ALJ properly considered Plaintiff's left-hand limitations based on the evidence in the record and properly concluded Plaintiff's limitations were not as severe as Plaintiff claimed. Where the ALJ's interpretation of the record is

reasonable, as it is here, it should not be second-guessed. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ provided clear and convincing reasons supported by substantial evidence regarding his assessment of Plaintiff's left-hand limitations.

### B. Plaintiff's Subjective Symptom Testimony

Plaintiff contends the ALJ failed to rely on clear and convincing reasons to discredit Plaintiff's subjective symptom testimony. ECF Nos. 19 at 8–15; 21 at 3–4.

An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that [the claimant's] impairment 'could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 11

malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions

due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 404.1529(c). The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 1041. In arriving at this conclusion, the ALJ considered several of the factors described above.

As to the intensity and persistence of Plaintiff's impairments, the ALJ found the objective medical evidence did not support the degree of impairment Plaintiff alleges. Tr. 1041, 21. The Court did not challenge the ALJ's initial findings regarding Plaintiff's physical symptoms; thus, the ALJ incorporated the original findings into the subsequent decision. Tr. 1042. Regarding Plaintiff's alleged chronic back pain, the examination records reflected normal or near-normal range of motion for the lumbar spine with only mild paraspinal tenderness, and normal gait and balance. Tr. 321, 754, 807, 1358, 1366. In July 2015 and June 2016, Plaintiff denied any back pain or indicated it was managed. Tr. 323, 361. In May 2018, Plaintiff rated his back pain a three out of ten, with ten being the worst. Tr. 1028. While an ALJ may not discredit a claimant's symptom testimony and deny

benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence, such objective medical evidence is still a relevant factor. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Regarding Plaintiff's mobility issues and his alleged dependency on a cane, exam records generally reflected normal gait and/or agile movement. Tr. 580, 586–87, 790, 808, 945, 947, 953. Moreover, the first medical reference to Plaintiff's cane use was in January 2018, and the reference appears to be Plaintiff's own self-reported use. Tr. 1033. The exam notes from that same day reflected some diminished strength in his left knee, but otherwise Plaintiff demonstrated normal strength and reflexes. *Id*. Plaintiff regularly denied loss of strength, sensory changes, or balance problems. Tr. 1358, 1366, 1371. Finally, the ALJ found Plaintiff's later reports of engaging in fishing and camping contravened his alleged mobility issues. Tr. 1042.

The ALJ also found the medical findings regarding Plaintiff's left-hand limitations were inconsistent with the alleged impairments. For example, the follow-up exams after the amputation surgery revealed normal healing. *See, e.g.*, Tr. 580–81, 955. Thereafter, Plaintiff evidently did not report any difficulties with his hand to providers because there are no treatment notes reflecting left-hand pain.

Tr. 1043.

As to Plaintiff's daily activities, Plaintiff indicated he was able to engage in household chores and hobbies when his pain was controlled by medication. Tr. 1028, 1362. Plaintiff also indicated he was able to lift light to medium weights if they were positioned conveniently. Tr. 1359. While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Concerning medication efficacy, Plaintiff indicated in April 2015 that his back pain was stable while taking Percocet. Tr. 320. In July 2015, Plaintiff described his back pain as manageable. Tr. 323. As noted above, Plaintiff also stated he was able to engage in daily activities when on pain medication. Tr. 1028, 1362. "Impairments that can be controlled effectively with medication are not disabling." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) (citations omitted).

Plaintiff's argument that the ALJ's findings are not supported by substantial evidence is unpersuasive. An ALJ cannot present every single document in the record that supports his findings; rather, the ALJ must rely on examples from the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 15

1  broader record to support his conclusions. *See Garrison*, 759 F.3d at 1018. That is
2  precisely what the ALJ here has done. "[T]he key question is not whether there is
3  substantial evidence that could support a finding of disability, but whether there is
4  substantial evidence to support the Commissioner's actual finding." *Jamerson v.*
5  *Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). The Court finds the ALJ provided
6  clear and convincing reasons supported by substantial evidence in the record to
7  discount Plaintiff's subjective symptom testimony.

8  **C. Medical Opinion of Dr. Bauer**

9  Plaintiff challenges the ALJ's evaluation of the medical opinion of
10 Plaintiff's treating physician, Mark Bauer, M.D. ECF No. 19 at 15–17.
11 There are three types of physicians: "(1) those who treat the claimant
12 (treating physicians); (2) those who examine but do not treat the claimant
13 (examining physicians); and (3) those who neither examine nor treat the claimant
14 [but who review the claimant's file] (nonexamining [or reviewing] physicians)."
15 *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).
16 Generally, the opinion of a treating physician carries more weight than the opinion
17 of an examining physician, and the opinion of an examining physician carries more
18 weight than the opinion of a reviewing physician. *Id*. In addition, the
19 Commissioner's regulations give more weight to opinions that are explained than
20 to opinions that are not, and to the opinions of specialists on matters relating to

their area of expertise over the opinions of non-specialists. *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. (citing *Lester*, 81 F.3d at 830–831). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Bauer was a treating physician who saw Plaintiff in January 2018. Tr. 1032. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter*, 504 F.3d at 1042; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ gave little weight to Dr. Bauer's opinion regarding Plaintiff's ability to ambulate. Tr. 1044. The ALJ found Dr. Bauer's assessment that

Plaintiff had to stop walking after about 75 to 100 feet appeared to be based on Plaintiff's own subjective reports. *See* 1032. The ALJ did not find any other objective medical evidence to corroborate Dr. Bauer's finding. Tr. 1044. Moreover, other objective medical records contradicted Plaintiff's alleged inability to walk more than 100 feet or up to 100 yards. Tr. 1044 (referencing Tr. 580, 586–87, 790, 808, 945, 947, 953, 1028, 1358, 1362, 1366, 1371). An ALJ "may reject a medical opinion if it is conclusory, and inadequately supported by clinical findings." *Downing v. Barnhart*, 167 F. App'x 652, 653 (9th Cir. 2006) (citation and quotations omitted). Therefore, the Court finds that the ALJ provided clear and convincing reasons supported by substantial evidence for discrediting Dr. Bauer's opinion evidence.

### D. Grid Rules Application at Step Five

Plaintiff argues the ALJ should have considered the Medical Vocation Guidelines, or "grid rules," at step five to find Plaintiff was disabled, rather than relying upon a vocational expert. ECF No. 19 at 17–19.

The grid rules are applied at step five and present a short-hand method for determining the availability of suitable jobs based on the claimant's age, education, previous work experience, and physical ability. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). However, the grid rules only apply when the grids accurately and completely describe the claimant's abilities and limitations. *Id*. Where a

claimant's exertional level falls between two grids that direct opposite conclusions (e.g., not disabled at the higher exertional level and disabled at the lower exertional level), the ALJ should consult a vocational expert. SSR 83-12; *Thomas*, 278 F.3d at 960.

Here, the ALJ noted that if Plaintiff was found to have the RFC to perform the full range of light work, a finding of "not disabled" would be directed by grid rule 202.14. Tr. 1045. However, the ALJ also noted Plaintiff's ability to perform all or substantially all of that level of work was further impeded by additional limitations. *Id*. Thus, the ALJ consulted the vocational expert to determine the degree to which the additional limitations would erode the available jobs. *Id*. Plaintiff's argument that the ALJ should have relied upon grid rule 201.14 to find Plaintiff disabled is premised on a finding that Plaintiff was reduced to sedentary work. ECF No. 19 at 17. However, the ALJ did not find Plaintiff reduced to a sedentary level of exertion; the ALJ found Plaintiff capable of performing light work with some additional limitations. Tr. 1045.

Plaintiff's own interpretation of the record cannot overturn the ALJ's conclusions. It is the ALJ who "is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 19

F.3d at 679 (citation omitted).  The Court finds the ALJ properly relied upon the testimony of the vocational expert to conclude there were jobs available in the national economy that Plaintiff could perform.  The ALJ provided clear and convincing reasons supported by substantial evidence for arriving at this conclusion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 19) is **DENIED**

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and CLOSE this file.

DATED December 6, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 20